This case comes before the court on defendant’s motion to dismiss plaintiffs Exception No. 1. The exception seeks an order to require defendant to make a supplemental accounting. The accounting report in question ends on June 30, 1946; plaintiffs seek to have it brought up to date. Defendant in its motion to dismiss asserts that the applicable jurisdictional cut-off date, August 13, 1946, 25 U.S.C. § 70a, precludes on jurisdictional grounds such an order after that date, unless there was a continuing wrong. Navajo Tribe v. United States, 218 Ct. Cl. 11, 20, 586 F.2d 192, 198 (1978), cert. denied, 441 U.S. 944 (1979). Plaintiffs have not shown such a continuing wrong, let alone met their burden of proof on it.
Plaintiffs answer that without an accounting they have no way of showing such a continuing wrong. This argument, while coherent, reverses the order of the steps. In effect, they claim that an accounting is required so that the court can decide whether an accounting is required. Even giving plaintiffs every possible benefit under the law, plaintiffs have made no showing whatsoever of a continuing wrong which would justify further inquiry.
*667 We were recently presented with a similar situation and similar arguments in American Indians Residing on the Maricopa-ak Chin Reservation v. United States, ante at 167, 667 F.2d 980 (1981), cert. denied, 456 U.S. 989 (1982), and we approved the decision of the trial judge which denied the plaintiffs further discovery in an attempt to demonstrate a continuing wrong. Indeed, the Maricopa plaintiffs’ case was stronger in that they did allege facts which gave some indication of a policy begun before August 13, 1946, and continuing beyond it. A continuing wrong is the unusual circumstance and we cannot proceed simply on the assumption that one will show up.
it is therefore ordered that defendant’s motion to dismiss is granted, and plaintiffs’ Exception No. 1 is dismissed for lack of jurisdiction.